IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PETER SKAANING,

Plaintiff,

vs.

THOMAS SORENSEN, individually and as trustee for the SORENSEN FAMILY LIVING TRUST; THE SORENSEN FAMILY LIVING TRUST; INSPIRATION HAWAII, INC.; INSPIRATION INTERNATIONAL, LLC; TPS, LLC; HDC PROPERTIES, LLC; and KTS PROPERTIES, LLC,

Defendants.

CV. NO. 09-00364 DAE-KSC

ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, AND (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

On November 9, 2009, the Court heard Defendants' and Plaintiff's Motions. Jerry Hiatt, Esq., Michael Tom, Esq., Mahilani Hiatt, Esq., and David Harada-Stone, Esq., appeared at the hearing on behalf of Plaintiff; James Bickerton, Esq., and John Perkin, Esq., appeared at the hearing on behalf of Defendants. After reviewing the motion and the supporting and opposing

memoranda, the Court **GRANTS** Defendants' Motion and **DENIES AS MOOT** Plaintiff's Motion. (Docs. ## 18, 31.)

## BACKGROUND

This matter involves various disputes between Plaintiff Peter Skaaning ("Plaintiff") and Defendant Thomas Sorensen ("Defendant Sorensen") involving the operation of various companies. The parties are "at an impasse on almost all issues related to the continued operation of all these companies." (Doc. # 33 at 11.)

Defendant Sorensen incorporated Inspiration Hawaii, Inc. ("IHI"), in the State of Nevada in 1997. (Doc. # 8 at 3.) In that same year, Defendant Sorensen opened two locations in Hawaii. (Doc. # 33 at 2.) In 1999, Plaintiff became President of IHI, and in 2001 became a 50% shareholder of the stock in IHI. (Id.) IHI apparently entered into a lease agreement with another limited liability company, Honolulu Design Center. (Doc. # 8 at 6.) Defendant Sorensen also allegedly controls the Sorensen Family Living Trust, owns HDC Properties, LLC, and owns KTS Properties, LLC. (Id. at 3-4.)

Of particular relevance to the instant motions are two additional companies, Inspiration International, LLC ("IIL"), and TPS, LLC ("TPS"). In 2002, IIL was incorporated in the State of Nevada as a limited liability company,

and Plaintiff and Defendant Sorensen each hold a 50% interest in IIL. (Id. at 3.) TPS is a Nevada limited liability company, and Plaintiff and Defendant Sorensen each own a 50% interest in TPS. (Id. at 3, 10.) TPS was apparently established to receive royalties and income from IHI and another company, INBC, for use of the "Inspiration" brand and business model. (Id. at 10.)

In an Amended Complaint filed August 17, 2009, Plaintiff alleges that Plaintiff was "constructively discharged" from his position as President of IHI due to the "continued self dealing of Mr. Sorensen." (Id. at 11.) Count I of the Amended Complaint seeks dissolution of IIL, IHI, and TPS, and requests that sale of the companies' assets be used to pay off debts or expenses and net proceeds distributed to Plaintiff and Defendant Sorensen. (Id. at 15-16.) Count II seeks appointment of a receiver pending dissolution of these companies. (Id. at 16.) Count XI seeks preliminary and permanent injunctive relief related to management of IIL, IHI, and TPS. (Id. at 27.) Counts III through X and XII seek declaratory judgment that various agreements are void and unenforceable, that Plaintiff was constructively discharged from IHI, and claim breach of fiduciary duty and covenant of good faith, negligence, unfair and deceptive trade practices, misrepresentation, and accounting.

On August 25, 2009, Defendants Sorensen, the Trust, IHI, IIL, TPS, HDC Properties, and KTS Properties (collectively, "Defendants") filed a motion to dismiss for lack of subject matter jurisdiction, citing Plaintiff's alleged failure to properly prove diversity and an absence of diversity jurisdiction between Plaintiff and Defendants IIL and TPS. (Doc. # 18.) On September 25, 2009, Plaintiff filed its Opposition. (Doc. # 33.) On October 26, 2009 and November 2, 2009, Defendants filed their Replies.[1] (Docs. ## 55, 58.)

Meanwhile, on September 21, 2009, Plaintiff filed a Motion for Leave to File Second Amended Complaint. (Doc. # 31.) Defendants filed an Opposition to Plaintiff's motion on September 30, 2009. (Doc. # 37.) On October 8, 2009, Plaintiff filed a Reply. (Doc. # 44.) In an Order filed October 20, 2009, Magistrate Judge Kevin Chang denied without prejudice Plaintiff's motion for leave to file second amended complaint and motion for appointment of receiver. (Doc. # 52.) Magistrate Judge Chang denied Plaintiff's motion in part because of the unresolved subject matter jurisdiction issue before this Court.

[1] Inspiration International, LLC, and Inspiration Hawaii, Inc. filed a joinder to the Reply filed by Defendant Sorensen, the Trust, TPS, HDC Properties, and KTS Properties through new separate counsel. (Doc. # 55 at 1 n.1.)

STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. In a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the initial burden of proving that subject matter jurisdiction exists. Robinson v. United States, —F.3d—, 2009 WL 3525634, at *1 (9th Cir. 2009); Rattlesnake Coal. v. U.S. E.P.A., 509 F.3d 1095, 1102 n.1 (9th Cir. 2007). "In considering the jurisdiction questions, it should be remembered that 'it is a fundamental principle that federal courts are courts of limited jurisdiction.'" Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). Upon a motion to dismiss, a party may make a jurisdictional attack that is either facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. By contrast, a factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction." Id.

In resolving a facial attack on the allegations of the complaint, the court must accept the allegations of the complaint as true. Mason v. Arizona, 260

F. Supp. 2d 807, 815 (D. Ariz. 2003); see also Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 n.2 (9th Cir. 2003); White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "Unlike a Rule 12(b)(6) motion, however, the court will not reasonably infer allegations sufficient to support federal subject matter jurisdiction because a plaintiff must affirmatively allege such jurisdiction." Mason, 260 F. Supp. 2d at 815. When subject matter jurisdiction is challenged in a motion to dismiss, the plaintiff has the burden of proving jurisdiction. Kingman Reef Atoll Investments, L.L.C. v. United States, 541 F.3d 1189, 1197 (9th Cir. 2008) (citing Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001)).

DISCUSSION

Subject matter jurisdiction is a threshold matter for federal courts, and this Court may not rule on the merits absent subject matter jurisdiction. See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Alternatively, a district court may also have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." Id. § 1332(a)(1).

Establishing subject matter jurisdiction pursuant to section 1332 requires complete diversity of citizenship between all plaintiffs and defendants, except in limited circumstances not relevant to this action. See Lee v. Am. Nat'l Ins. Co., 260 F.3d 997, 1005 (9th Cir. 2001); Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001); Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001); Arai v. Tachibana, 778 F. Supp. 1535, 1538 (D. Haw. 1991). Diversity is determined by the citizenship of the parties as of the filing of the complaint. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 695-96 (9th Cir. 2005); Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002) (citing Morongo Band of Mission Indians, 858 F.2d at 1380). As discussed above, the plaintiff has the burden of proving jurisdiction. Kingman Reef Atoll Investments, 541 F.3d at1197.

I. Defendants' Motion to Dismiss

Defendants assert that the Court lacks diversity jurisdiction over this action for two independent reasons. First, Defendants argue that Plaintiff has failed to establish diversity of citizenship in the First Amended Complaint. (Mot. at 2.) Plaintiff seeks to cure the failing in its pleadings by filing a Second Amended Complaint that corrects allegations regarding the citizenship of parties. Second, Defendants argue that diversity jurisdiction is defeated due to an

"incurable jurisdictional defect": Plaintiff is a member of two named defendant limited liability corporations that are not "nominal" defendants. (Id.)

The Court will address the nominal defendant question first, as this alleged absence of actual diversity is a fundamental subject matter jurisdiction question that cannot be cured by a technical amendment to a complaint. See Morongo Band of Mission Indians, 858 F.2d at 1380 ("If jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'") (citation omitted). Defendants argue that Plaintiff has sought relief against and through two limited liability companies of which he is a member, thereby destroying diversity. (Mot. at 10.)

The Ninth Circuit had adopted the principle that "an LLC is a citizen of every state of which its owners/members are citizens."[2] Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Therefore, because an LLC is a citizen of every state of which its owners or members are a citizen, and because complete diversity is required, if a plaintiff is an owner or member of a defendant LLC, then diversity requirement of section 1332 cannot be satisfied.

---

[2] This is in contrast to the rule for a corporation, which is a citizen only of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." Johnson, 437 F.3d 894, 899 (9th Cir. 2006).

IIL was incorporated in the State of Nevada as a limited liability company, with Plaintiff holding a 50% interest in IIL. (Am. Compl. at 3.) TPS is a Nevada limited liability company, and Plaintiff owns a 50% interest in TPS. (Id. at 3, 10.) Although unclear from the briefings at this point, Plaintiff is either a resident of Hawaii or California.[3] What specific state Plaintiff is a resident (or citizen) of is not the issue, however. No matter in which state Plaintiff claims citizenship, IIL and TPS are also citizens of that state. Based on these uncontroverted facts alone, diversity is not satisfied.

It is also an established rule, however, that the presence of a "nominal" party need not destroy diversity jurisdiction. See Strotek Corp., 300 F.3d at 1132; Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000); Matchet v. Wold, 818 F.2d 574, 576 (7th Cir. 1987). Plaintiff relies on this nominal party exception to argue that this Court has subject matter jurisdiction over this action. The Court must therefore address whether these companies, IIL and TPS, are "nominal" parties under the facts of this case.

Plaintiff contends that the substantive claims are all against Defendant Sorensen and the Trust and KTS Properties and that no substantive relief is sought

[3] In both the original Complaint and the First Amended Complaint, Plaintiff stated that he is a "legal resident" of the State of Hawaii and is "transitioning" to the State of California. (Compl. at 2; Am. Compl. at 3.)

against IIL or TPS. (Opp'n at 21.) IIL and TPS are joined only as nominal parties so that the Court may dissolve them and distribute their assets to their members. (Id.)

Defendants argue that because Plaintiff seeks dissolution of IIL and TPS, appointment of a receiver pending dissolution, and injunctive relief related to management of IIL and TPS, those companies cannot be considered nominal parties. (Mot. at 12.)

Plaintiff then asserts that Plaintiff and IIL and TPS are not adversaries in this case but are in fact allied. (Opp'n at 24.) But as Defendants point out, even if this Court were to realign IIL and TPS with Plaintiff, then conceivably diversity is still defeated because Defendant Sorensen's citizenship would be imputed to them because he owns a 50% interest in IIL and TPS. (Reply at 8-9.) The argument is therefore circular and presuposes that the IIL and TPS are not nominal parties.

To ascertain whether a party is a nominal party, the Ninth Circuit has held that a nominal defendant is "a person who 'holds the subject matter of the litigation in a subordinate or possessory capacity and to which there is no dispute.'" S.E.C. v. Colello, 139 F.3d 674, 676 (9th Cir. 1998) (quoting S.E.C. v. Cherif, 933 F.2d 403, 414 (7th Cir. 1991)). "The paradigmatic nominal defendant

is ‘a trustee, agent, or depositary . . . [who is] joined purely as a means of facilitating collection.’” Id. (quoting Cherif, 933 F.2d at 414).

The parties do not cite to and this Court could not locate Ninth Circuit authority directly on point with the facts in this case. The parties submit various cases as persuasive authority. Upon review, the Court concludes that the facts of this case are distinguishable from those cited which held that the companies were merely nominal for diversity jurisdiction purposes.

In Wolff v. Wolff, the Fifth Circuit held that a partnership was a nominal party for purposes of diversity in a suit between two partners regarding title to real estate. 768 F.2d 642 (5th Cir. 1985). Richard Wolff, a citizen of New Jersey, and his brother Carl Wolff, a citizen of Texas, had been partners in a company named Citation Investment Company doing business in Texas. Id. at 644. Richard filed a diversity action seeking relief in the form of accounting and declaration that he owned a half-interest in certain real estate to which Carl held title. Id. This property had been purchased with the intention that it be a partnership asset. Id. at 645. Upon judgment, Richard was declared co-owner of the real estate. Id. at 644. Two unique facts of this case render it inapplicable to the case at hand. First, the suit did not seek to transfer legal title to the partnership but rather to assert Richard’s claim as co-owner. Id. at 645. The federal district

court found that "the partnership [was] a nominal party joined solely for the purpose of performing any ministerial acts required for the final dissolution and winding up of the partnership." Id. Second, the Fifth Circuit acknowledged that it was unclear whether the partnership was even still in existence at the time of the suit; the partnership may have already been dissolved in a prior state action that had been dismissed. Id. at 646. The Fifth Circuit observed: "[The] partnership was either already dissolved, as Richard asserts, or was dissolved as a result of the judgement in this suit. In either event, transfer of title [of the real estate] to the partnership would have been a formal and doubtless unnecessary act, requiring the partnership in dissolution to convey the real estate in turn to the partners." Id. The LLC's involvement here is more tangible than in Wolff. Plaintiff requests that IIL and TPS be dissolved, that a receiver be appointed, and that this Court render judgment as to alleged mismanagement of those companies. Moreover, IIL and TPS are active companies with existing obligations. As Defendants note, a receiver would take over IIL's operations and contractual obligations. (Reply at 10.)

At the hearing on this matter, the parties disputed the relevancy of a certain insolvency clause, Section 20, of a leasehold mortgage that IIL has entered into with Greenwich Capital Financial Products, Inc. (Sorensen Reply Decl. Ex. 3

at 20.) Defendants argue that were IIL to be dissolved or if this lawsuit is still pending on December 8, 2009, IIL would be in default of a $15 million loan. This loan, according to Defendants, demonstrates that IIL has a true interest in this litigation separate from the interests of either Plaintiff or Defendant Sorensen. Plaintiff countered that Section 20 of the agreement pertains only to formal bankruptcy proceedings. Section 20 states, in pertinent part, that:

> If Borrower [IIL] shall voluntarily file a petition under Title 11, United States Code . . . or if Borrower shall fail to obtain a vacation of involuntary proceedings brought for the reorganization, dissolution or liquidation of Borrower . . . or if there is an attachment, execution or other judicial seizure of any portion of Borrower's assets and such seizure is not discharged . . . then Lender may, at Lender's option, declare all of the sums secured by this Instrument to be immediately due and payable without prior notice to Borrower . . . .

(Id. at 20-21) (emphasis added). As is apparent from the terms of the contract, IIL will be subject to the Lender's option to render the sums payable and to invoke any other remedies permitted by law in the event that IIL is dissolved in this action. The Lender's ability to exercise this option is not limited to bankruptcy proceedings, but would indeed be applicable to this case.

Plaintiff relies on an unpublished decision by the District of Nevada, wherein the court held that a LLC was a nominal party for diversity jurisdiction purposes in a suit between the two sole members of the LLC. Roskind v. Emigh,

2007 WL 981725 (D. Nev. April 2, 2007). The company in that case, Radix, dealt with patent applications. The parties sought dissolution of Radix and distribution of title. Id. 2007 WL 981725, at *1. In its holding, the court relied on the Ninth Circuit case Prudential Real Estate Affiliates v. PPR Realty, 204 F.3d 867, 873 (9th Cir. 2003), for the proposition that a court "will ignore the citizenship of nominal or formal parties who have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." Roskind, 2007 WL 981725, at *2. The District of Nevada stated: "In cases where business entities are joined as parties solely for the purposes of dissolution, distribution of assets, or other formal acts, court have traditionally classified these entities as nominal parties for diversity purposes." Id. (emphasis added). The evidence before this Court does not indicate that IIL's and TPS' involvement in the suit is purely ministerial.

In an unpublished opinion by the District of Delaware, the court held that, in a dispute between two managers of a limited liability company, Pokobo, the company was a nominal party to the dispute because Pokobo was not a real party to the dissolution controversy. Polak v. Kobayashi, 2005 WL 2008306, at *3 (D. Del. Aug. 22, 2005). Petitioner Polak sought dissolution of Pokobo, accounting, and judicial declaration that certain real property title should be transferred to

Pokobo. Id. 2005 WL 2008306, at *1. Because Polak had failed to establish that Pokobo had any interest distinct from the interest of Polak and Kobayashi, the company was a nominal party. Id. 2005 WL 2008306, at *3. However, in a subsequent opinion, the District of Delaware found that Polak's claims for breach of fiduciary duty, declaratory judgment, and unjust enrichment were in part derivative claims and thus Pokobo was a real party in interest.[4] Polak v. Kobayashi, 2008 WL 4905519, at *7 (D. Del. Nov. 13, 2008).

Defendants emphasize that the nominal party exception is limited. (Reply at 5.) In Fisher v. Dakota Cmty. Bank, the Southwestern Division of North Dakota summarized this exception for nominal party defendants to apply to "situations in which it is clear that the defendant is not a necessary or an indispensable [sic] as a matter of law, the party has nothing at stake in the litigation, and no real, present claim for relief is being sought against the party." 405 F. Supp. 2d 1089, 1095 (D.N.D. 2005).

The District of Maryland determined that corporations are not nominal parties when conflicting claims of shareholders have a direct effect upon the corporations' property rights. Birnbaum v. SL & B Optical Centers, Inc., 905 F.

[4] The Court addresses these cases because they are raised by the parties, however, the Court questions its ability to take guidance from these cases, due to their internally contradictory language.

Supp. 267 (D. Md. 1995). The corporations had a "strong personal interest in the outcome of the case" because resolution of the claims would result in their dissolution and because one of the claims alleged mismanagement of the corporations. Id. at 269, 271.

In Minnis v. S. Pac. Co., the Ninth Circuit determined that a corporation was not a nominal party and thus subject matter jurisdiction in a suit by stockholders of the holding company did not exist. 98 F.2d 913 (9th Cir. 1938). Plaintiffs brought suit against various corporations including a ferry operating company in San Francisco Bay. Id. at 914. Plaintiffs and the operating company were citizens of California. Id. at 915. Holding company stockholder plaintiffs sued to recover money from the holding company and to place a lien on the operating company's property. Id. at 914. Plaintiffs requested that a receiver be appointed to take charge of the operating company and to conduct and manage its business, and to distribute the proceeds after wind up of the business. Id. at 915. The Ninth Circuit held that the operating company was an indispensable party to the suit and therefore the defect in subject matter jurisdiction was incurable. Id.

Plaintiff does not directly dispute the applicability of Minnis, except to argue that in Minnis, the plaintiffs and operating company were adversaries whereas Plaintiff, IIL, and TPS are not adversaries. The Court is not convinced by

Plaintiff's somewhat conclusory statement. IIL and TPS would be dissolved and placed under control of a receiver; IIL and TPS have also both filed this motion to dismiss. Their interests are not clearly united with Plaintiff's interests.

An unpublished 2008 decision from the Eleventh Circuit is instructive here although of course it is not binding precedent. In Masters v. Harkleroad, 303 Fed. Appx. 859 (11th Cir. 2008), the Eleventh Circuit evaluated a claim where plaintiffs sought to enjoin LLCs from engaging in further business, appoint a receiver, dissolve the LLCs, and distribute their assets. Id. at 861. The Eleventh Circuit noted that it had "found no authority . . . holding that a LLC which a plaintiff seeks to put into receivership, dissolve, and enjoin from engaging in any business activity is merely a nominal party." Id. The court held that "the district court lacked subject matter jurisdiction to enter the order appointing a receiver." Id.

The same is true for the present case. This Court has found no Ninth Circuit or other authority, and the parties cite none, holding that a LLC which a plaintiff seeks to put into receivership, dissolve, and enjoin management of, is a nominal party.

Plaintiff has not met his burden to prove that diversity jurisdiction exists in this matter. Accordingly, Defendants' motion to dismiss is GRANTED.

II. Plaintiff's Motion for Leave to File Second Amended Complaint

Plaintiff correctly notes that defective allegations of jurisdiction may be amended upon terms. See generally 28 U.S.C. § 1653. However, these amendments are generally allowed to cure technical failures, such as when a party alleges residence instead of citizenship for purposes of diversity jurisdiction. Such an amendment cannot be used to cure an absence of actual diversity. The case at hand is not a situation where actual diversity exists but the complaint inadequately alleged facts to establish jurisdiction. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989); Snell v. Cleveland, 316 F.3d 822, 824, 828 (9th Cir. 2002). The defect in diversity jurisdiction is incurable, and a technical amendment to the complaint would be futile. Accordingly, Plaintiff's motion for leave to file a second amended complaint is DENIED AS MOOT.

CONCLUSION

For the reasons stated above, the Court (1) GRANTS Defendants' motion to dismiss and (2) DENIES AS MOOT Plaintiff's motion for leave to file second amended complaint.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 10, 2009.

UNITED STATES DISTRICT COURT DISTRICT OF HAWAII

David Alan Ezra
United States District Judge

Skaaning v. Sorensen et al., CV No. 09-00364 DAE-KSC; ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, AND (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT