IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER SKANNING, | ) | CIVIL NO. 09-00364 DAE-KSC |
| | ) | |
|     Plaintiff, | ) | REPORT OF SPECIAL MASTER |
| | ) | RECOMMENDING THAT |
|     vs. | ) | DEFENDANTS' MOTIONS FOR |
| | ) | ATTORNEYS' FEES (DOC. NOS. |
| THOMAS SORENSEN, | ) | 67 AND 69) BE DENIED |
| individually and as trustee | ) | |
| for the SORENSEN FAMILY | ) | |
| LIVING TRUST; THE SORENSEN | ) | |
| FAMILY LIVING TRUST; | ) | |
| INSPIRATION HAWAII, INC.; | ) | |
| INSPIRATION INTERNATIONAL, | ) | |
| LLC; TPS, LLC; HDC | ) | |
| PROPERTIES, LLC and KTS | ) | |
| PROPERTIES, LLC, | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

REPORT OF SPECIAL MASTER RECOMMENDING THAT
DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES
(DOC. NOS. 67 AND 69) BE DENIED

Before the Court are 1) Defendants Thomas

Sorensen ("Sorensen"), The Sorensen Family Living Trust

("the Trust"), TPS, LLC ("TPS"), HDC Properties, LLC

("HDCP"), and KTS Properties, LLC's ("KTSP") Motion for

Award of Attorneys' Fees ("Motion"), filed November 24,

2009, and 2) Defendants Inspiration International, LLC

("IIL") and Inspiration Hawaii, Inc.'s ("IHI") Motion

for Award of Attorneys' Fees, filed November 24, 2009.

On December 8, 2009, Defendants Sorensen, the Trust,

TPS, HDCP, and KTSP filed a Statement of Consultation.[1]

Pursuant to Rule 7.2(d) of the Local Rules of

Practice of the United States District Court for the

District of Hawaii ("Local Rules"), the Court finds

this matter suitable for disposition without a hearing.

After careful consideration of the Motion and

---

[1]   The Statement of Consultation filed by
Defendants Sorensen, the Trust, TPS, HDCP, and KTSP
indicate that counsel for IHI and IIL participated in
one of two consultations that took place.  However,
Defendants IHI and IIL did not file a statement of
consultation, even though they were required to do so
by December 8, 2009.  See Local Rule 54.3(b) ("The
statement of consultation shall be filed and served by
the moving party within fourteen (14) days after the
filing of the motion.").  Ordinarily, the Court would
not consider the merits of a motion for attorneys' fees
until the moving party has filed a statement of
consultation.  Id. ("The court will not consider a
motion for attorneys' fees . . . until moving counsel
advises the court in writing that, after consultation,
or good faith efforts to consult, the parties are
unable to reach an agreement . . . .").  Inasmuch as
the Court is recommending denial of the Motions, its
analysis is identical as to each Motion, and Defendants
Sorensen, the Trust, TPS, HDCP, and KTSP did file a
Statement of Consultation, it is appropriate in this
instance to address the merits of Defendants IHI and
IIL's Motion despite their failure to comply with the
Local Rules.

the supporting memorandum, the Court HEREBY FINDS AND RECOMMENDS that the district court DENY the Motions for the reasons set forth below.

### BACKGROUND

As the Court and the parties are familiar with the facts and procedural history of this case, the Court will include only those facts relevant to the instant Motions, and hereby incorporates by reference the factual background set forth in United States District Judge David Alan Ezra's Order 1) Granting Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and 2) Denying as Moot Plaintiff's Motion for Leave to File Second Amended Complaint ("Dismissal Order"), issued on November 10, 2009.

On August 10, 2009, Plaintiff commenced the instant action.  On August 17, 2009, Plaintiff filed a First Amended Complaint.  In the First Amended Complaint, Plaintiff sought: 1) dissolution of IIL, IHI, and TPS (Count I); 2) appointment of a receiver pending dissolution of these companies (Count II); 3)

declaratory judgment that the personal guarantees by Plaintiff of the Design Center Lease and the FHB Line of Credit, and the Buy Sell Agreement for Mr. Skanning's 50% share of IHI are all void and unenforceable (Count III); 4) declaratory judgment that the venue clause application of Nevada law clause, non-competition clause and arbitration clause in the employment agreement are each void and unenforceable (Count IV); 5) declaratory relief that Plaintiff was constructively discharged from IHI (Count V); 6) preliminary and permanent injunction (Count XI); and 7) an accounting (Count XII).  Plaintiff also alleged that Defendants' conduct constituted a 1) breach of fiduciary duty (Count VI); 2) negligence (Count VII); 3) breach of implied covenant of good faith and fair dealing and tortious interference with the FHB guarantee (Count VIII); 4) unfair and deceptive trade practices (Count IX); and 5) negligent and/or intentional misrepresentation (Count X);

On August 25, 2009, Defendants filed a motion

to dismiss for lack of subject matter jurisdiction,
wherein Defendants asserted that 1) Plaintiff has
failed to allege facts sufficient to establish
diversity of citizenship between himself and all
Defendants and 2) an incurable jurisdictional defect
exists because the LLC Defendants share Plaintiff's
citizenship and are not nominal parties whose
citizenship can be ignored for the purpose of diversity
jurisdiction.  Judge Ezra granted the motion to
dismiss, <u>see</u> Dismissal Order, and the Court entered
Judgment on November 10, 2009.

<u>DISCUSSION</u>

A.   <u>Entitlement to Attorneys' Fees</u>

        Defendants argue that they are entitled to an
award of attorneys' fees, pursuant to Hawaii Revised
Statutes ("HRS") § 607-14, as the prevailing parties in
this action.  A federal court sitting in diversity must
apply state law in determining whether the prevailing
party is entitled to attorneys' fees.  <u>See</u> <u>Farmers Ins.
Exch. v. Law Offices of Conrado Joe Sayas, Jr.</u>, 250

F.3d 1234, 1236 (9th Cir. 2001).  Under Hawai'i law,

"[o]rdinarily, attorneys' fees cannot be awarded as

damages or costs unless so provided by statute,

stipulation, or agreement."  <u>Stanford Carr Dev. Corp.</u>

<u>v. Unity House, Inc.</u>, 111 Hawai'i 286, 305, 141 P.3d

459, 478 (2006) (citation and quotation marks omitted).

HRS § 607-14 governs the award of fees for

actions/claims in the nature of assumpsit, and states,

in pertinent part:

> In all the courts, in all actions in the
> nature of assumpsit and in all actions on
> a promissory note or other contract in
> writing that provides for an attorney's
> fee, there shall be taxed as attorneys'
> fees, to be paid by the losing party and
> to be included in the sum for which
> execution may issue, a fee that the court
> determines to be reasonable; provided that
> the attorney representing the prevailing
> party shall submit to the court an
> affidavit stating the amount of time the
> attorney spent on the action and the
> amount of time the attorney is likely to
> spend to obtain a final written judgment,
> or, if the fee is not based on an hourly
> rate, the amount of the agreed upon fee.
> The court shall then tax attorneys' fees,
> which the court determines to be
> reasonable, to be paid by the losing
> party; provided that this amount shall not
> exceed twenty-five per cent of the

judgment.

Haw. Rev. Stat. § 607-14.  A court awarding attorneys'
fees pursuant to § 607-14 must apportion the fees
claimed between assumpsit and non-assumpsit claims, if
practicable.  See Blair v. Ing, 96 Hawai'i 327, 332, 31
P.3d 184, 189 (2001).

   1.  Prevailing Party

      Section 607-14 states that reasonable
attorneys' fee shall be taxed in favor of the
prevailing party and against the losing party in an
action in the nature of assumpsit.  The Hawaii courts
have noted that "'[i]n general, a party in whose favor
judgment is rendered by the district court is the
prevailing party in that court, plaintiff or defendant,
as the case may be. . . .'"  MFD Partners v. Murphy, 9
Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (quoting 6
J. Moore, W. Taggart & J. Wicker, Moore's Federal
Practice ¶ 54.70[4], at 54-323-54-324, (2d ed. 1992))
(some alterations in original); see also Village Park
Cmty. Ass'n v. Nishimura, 108 Hawai'i 487, 503, 122

P.3d 267, 283 (Haw. Ct. App. 2005) (citation omitted).

Thus, under Hawaii law, in order to be deemed the

prevailing party for the purposes of § 607-14,

Defendants must have obtained final judgment in their

favor.  Indeed, "'[t]here is no requirement that the

judgment in favor of the prevailing party be a ruling

on the merits of the claim.'"  Ranger Ins. Co. v.

Hinshaw, 103 Hawai'i 26, 31, 79 P.3d 119, 124

(2003)(quoting Wong v. Takeuchi, 88 Hawai'i 46, 49, 961

P.2d 611, 614 (1998)) (alteration in original); see

also Blair, 96 Hawai'i at 331, 31 P.3d at 189 ("[A]

defendant who succeeds in obtaining a judgment of

dismissal is a prevailing party for the purpose of fees

under HRS § 607-14.").  The Ninth Circuit acknowledged

Wong by recognizing that "any dismissal that results in

judgment is sufficient to support an award of

attorneys' fees under Hawai'i law." Ranger, 103

Hawai'i at 31, 79 P.3d at 124 (citing Kona Enters. v.

Estate of Bernice Pauahi Bishop, 229 F.3d 877, 889 (9th

Cir. 2000)).  This is true even where, as here, the

action was dismissed for lack of subject matter jurisdiction.  Kona Enters., 229 F.3d at 887 (citations omitted).  Insofar as the Court entered final judgment in Defendants' favor and against Plaintiff with respect to all claims, Defendants are the prevailing parties.

　　　2.  Nature of the Claims

　　　　　The Court's next inquiry is whether the claims are in the nature of assumpsit.  "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations."  808 Dev., LLC v. Murakami, 111 Hawai'i 349, 366, 141 P.3d 996, 1013 (2006) (citation, emphases, and quotation marks omitted); Helfand v. Gerson, 105 F.3d 530, 537 (9th Cir. 1997) ("Under Hawaii case law, an action in the nature of assumpsit includes 'all possible contract claims.'").

　　　　　However, the mere fact that a claim "relate[s] to a contract between the parties does not render a dispute between the parties an assumpsit action."

TSA Int'l, Ltd. v. Shimizu Corp., 92 Hawai'i 243, 264, 990 P.2d 713, 734 (1999).  "'[T]he nature of a claim' is 'determined from the substance of the entire pleading, the nature of the grievance, and the relief sought, rather than from the formal language employed or the form of the pleadings.'"  S. Utsunomiya Enters, Inc. v. Moomuku Country Club, 76 Hawai'i 396, 400, 879 P.2d 501, 505 (1994).  For a claim to be in the nature of assumpsit, "the plaintiff's primary objective must be to obtain monetary relief for breach of the contract."  Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Hawai'i 251, 280, 151 P.3d 732, 761 (2007).

It is well-established that "[w]hen there is a doubt as to whether the action is in assumpsit or tort, there is a presumption that the suit is in assumpsit."  Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003) (quoting Leslie v. Estate of Tavares, 93 Hawai'i 1, 6, 994 P.2d 1047, 1052 (2000) (citing Healy-Tibbitts Constr. Co. v. Hawaiian Indep. Refinery, Inc., 673 F.2d

284, 286 (9th Cir. 1982))); <u>see also</u> <u>Helfand</u>, 105 F.3d at 537.

Although the Court looks to the substance of the entire pleading, it must also "determine whether each individual claim alleged in a complaint sounds in assumpsit or tort."  <u>Kona Enters.</u>, 229 F.3d at 885.

Here, Defendants present the conclusory argument that the action was in the nature of assumpsit, without addressing whether each individual claim sounds in assumpsit or tort.  Defendants take the position that the entire action is in the nature of assumpsit because it implicated a number of contractual obligations and agreements entered into between the parties.  The Court disagrees and examines each claim in turn.

     a.   <u>Dissolution of IIL, IHI and TPS and Accounting (Counts I and XII)</u>

Plaintiff's requests for dissolution of IHI, IIL, and TPS, and an accounting, are clearly not in the nature of assumpsit, as such requests are equitable in nature.  <u>Stowe v. Matson</u>, 211 P.2d 591, 594 (Cal. Dist.

Ct. App. 1949) ("A suit for dissolution of partnership and for an accounting is equitable in its nature."). <u>Cf.</u> <u>id.</u> at 593 ("In a suit for dissolution of partnership and for an accounting, the adding to the complaint of a separate count in assumpsit, without alleging that it is based on claims independent of the interests in the partnership property, where the pleadings and records disclose the fact that the only claims involved are those which affect the partnership property, does not change the nature of the action.").

> b.  <u>Appointment of Receiver (Count II)</u>

Insofar as a "receivership is equitable in nature," <u>Hawaii Ventures, LLC v. Otaka, Inc.</u>, 114 Hawai'i 438, 456, 164 P.3d 696, 714 (2007), neither is the request for appointment of a receiver in the nature of assumpsit.

> c.  <u>Declaratory Judgment (Counts III and IV)</u>

Counts III and IV, which request declaratory judgment, are not in the nature of assumpsit, even though the basis of the requests factually implicate a

12

contract.   "An action that seeks only a declaration as
to a party's rights or responsibilities, even if
factually implicating a contract, is not 'in the nature
of assumpsit.'"   <u>Chock v. Gov't Employees Ins. Co.</u>, 103
Hawai'i 263, 268, 81 P.3d 1178, 1183 (2003) (holding
that the defendant insurance company could not recovery
attorneys' fees because HRS § 607-14 does not provide
for the recovery of attorneys' fees in declaratory
judgment actions).   This is because "[w]hen the
recovery of money damages is not the basis of a claim
factually implicating a contract, the action is not 'in
the nature of assumpsit.'"   <u>Id.</u> (quoting <u>Leslie v.
Estate of Tavares</u>, 93 Hawai'i 1, 7, 994 P.2d 1047, 1053
(2000)) (quotations omitted) (alteration in original).
Plaintiff does not seek monetary damages by way of
Counts III and IV, but rather a declaration that
certain agreements and/or clauses in agreements are
void and unenforceable.   As such, these Counts are not
in the nature of assumpsit.

d.   Constructive Discharge (Count V)

Plaintiff's constructive discharge claim sounds in tort, not assumpsit.  Cf. Leong v. Hilton Hotels Corp., 689 F. Supp. 1565, 1568 (D. Haw. 1988) (applying Hawaii's two-year tort statute of limitations to constructive discharge claim); Odima v. Westin Tuscon Hotel, 53 F.3d 1484, 1499 (9th Cir. 1995) (identifying constructive discharge claim as state tort claim).

e.   Breach of Fiduciary Duty (Count VI)

Although a breach of fiduciary duty can be in the nature of assumpsit, the Court finds that under the circumstances of this case, the breach of fiduciary duty claim sounds in tort.  A "breach of fiduciary duty claim sounds in tort where the duties allegedly arise as a matter of law from the fiduciary relationship between partners and not from a contractual agreement." Kona Enters., 229 F.3d at 886 (citing TSA, 92 Hawai'i at 263-64, 990 P.2d at 733-34).  Where, as here, Plaintiff's claims are predicated on a number of agreements between the parties, but do not involve

14

monetary damages based upon the non-performance of a

contractual or quasi-contractual obligation (i.e.,

breach of contract), the claims are not in the nature

of assumpsit.[2]   TSA, 92 Hawai'i at 734, 990 P.2d at 734.

Indeed, the "mere fact that [a plaintiff's] claims

relate to a contract between the parties does not

render the dispute between the parties an assumpsit

action."   Id.

        In the present case, Plaintiff did not argue

that Defendant breached any of the agreements.[3]   Rather,

_____

        [2]   Instead, the damages sought relate to Defendant
Sorensen and/or the Trust's conduct.   Plaintiff in fact
seeks punitive damages for Defendant Sorensen and/or
the Trust's acts or omissions, alleging that such
conduct was willful, wanton, reckless, or made with a
conscious indifference to consequences.   First Amend.
Compl. at ¶ 103.   Such damages are more closely akin to
tort damages.   The Hawaii Supreme Court has held that
"punitive damages will *never* be recoverable, absent
conduct that violates a duty that is independently
recognized by principles of tort law."   Francis v. Lee
Enters., Inc., 89 Hawai'i 234, 242, 971 P.2d 707, 715
(1999).

        [3]   It is significant that Plaintiff, despite his
inclusion of twelve counts in the First Amended
Complaint, did not allege a breach of contract.
Kahala, 113 Hawai'i at 281, 151 P.3d at 762 (quoting
Larsen v. Pacesetter Sys., Inc., 74 Haw. 1, 51, 837
P.2d 1273, 1298 (1992) (citation omitted)) ("[T]he

he alleged that certain agreements were unconscionable and that Defendants, namely Defendant Sorensen, engaged in self dealing and breached his fiduciary duty to Plaintiff and the business entity Defendants.  The fact that Plaintiff's claims implicate and/or relate to these agreements does not transform this claim into one in the nature of assumpsit.

     f.  <u>Negligence (Count VII)</u>

Negligence is unquestionably a tort claim, and not in the nature of assumpsit.  <u>Helfand</u>, 105 F.3d at 537 ("There is no doubt that the first claim, alleging negligence, is a tort claim.").

     g.  <u>Breach of Implied Covenant of Good Faith and Fair Dealing and Tortious Interference with Plaintiff's Guaranty Contract (Count VIII)</u>

Based on the limited record before the Court, it appears that Plaintiff's breach of implied covenant of good faith and fair dealing claim is in the nature of assumpsit.  It is well-established in Hawaii that

_____

manner in which [the] plaintiff has characterized the action may also be accorded some weight.'").

16

"[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Best Place, Inc. v. Penn Am. Ins. Co., 82 Hawai'i 120, 125, 920 P.2d 334, 338 (1996) (quoting Restatement (Second) Contracts § 205 (1979)) (quotations omitted) (alterations in original). The issue here is whether this claim is more appropriately characterized as a contract claim or a tort claim. In Enoka v. AIG Hawaii Insurance Co., Inc., 109 Hawai'i 537, 128 P.3d 850 (2006), the Hawaii Supreme Court explained that "there is a legal duty, implied in a first- and third-party insurance contract, that the insurer must act in good faith in dealing with its insured, and a breach of that duty of good faith gives rise to an independent *tort* cause of action." Id. at 549, 128 P.3d at 862 (emphasis added) (quoting Best Place, 82 Hawai'i at 132, 920 P.2d at 346). The supreme court further stated that "*the tort of bad faith* [i.e., breach of the implied covenant of good faith and fair dealing] is not a tortious breach of

17

contract, but rather *a separate and distinct wrong which results from the breach of a duty imposed as a consequence of the relationship established by contract*." <u>Id.</u> (quoting <u>Best Place</u>, 82 Hawai'i at 131, 920 P.2d at 345).  As a separate and distinct wrong, "the tort of bad faith allows an insured to recover *even if the insurer performs the express covenant to pay claims*." <u>Id.</u> (emphasis added) (quoting <u>Best Place</u>, 82 Hawai'i at 131, 920 P.2d at 345).

In accordance with this reasoning, the tort of bad faith would not sound in assumpsit, as it does not require a breach or non-performance of contractual obligations.  However, this case does not involve an insurance contract and Defendants are not engaged in the business of insurance.  Thus, although the Hawaii Supreme Court recognizes a tort of bad faith, i.e., breach of the implied covenant of good faith and fair dealing, the court has not extended it beyond the context of insurance.  <u>Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship</u>, 115 Hawai'i 201, 229, 166

18

P.3d 961, 990 (2007) ("[T]here is no tort of bad faith outside the context of insurance claims"); <u>Simmons v. Pau</u>, 105 Hawai'i 112, 128, 94 P.3d 667, 683 (2004) (citing out-of-jurisdiction case with approval for proposition that the tort of bad faith applies only to entities or agents engaged in the business of insurance).  The Court therefore concludes that Plaintiff's breach of implied covenant of good faith and fair dealing claim is in the nature of assumpsit.

Contrastingly, the claim of tortious interference with Plaintiff's guaranty contract sounds in tort, not assumpsit.  <u>Burgess v. Arita</u>, 5 Haw. App. 581, 594, 704 P.2d 930, 939 (1985) (characterizing tortious interference with contractual relations as tort claim).

h.   <u>Unfair and Deceptive Trade Practices (Count IX)</u>

Plaintiff's unfair and deceptive trade practices statutory claim under HRS § 480-2, <u>et seq.</u>, does not sound in assumpsit.  Although § 480-13 provides for the recovery of attorneys' fees, this

19

section applies to plaintiffs, not defendants.

Defendants are thus not entitled to recover fees with

respect to this claim.  <u>TSA</u>, 92 Hawai'i at 264 n.9, 990

P.2d at 734 n.9 (the parties do not dispute that the

"statutory causes of action (i.e., securities violation

under HRS ch. 485, fraud on creditors under HRS ch.

651C, unfair competition under HRS ch. 480, and RICO

under 18 U.S.C. § 1962) do not authorize an award of

fees to a successful defendant under these

circumstances.").  In addition, the Hawaii Supreme

Court has held that "[p]laintiffs in an action for

unfair and deceptive business practices are entitled

only to an award of reasonable attorney's fees under

HRS § 480-2 and 480-13 and are not entitled, in

addition, to attorney's fees in assumpsit under HRS §

607-14."  <u>Leibert v. Fin. Factors, Ltd.</u>, 71 Haw. 285,

286, 788 P.2d 833, 835 (1990).

> i.   <u>Negligent and/or Intentional
>       Misrepresentation (Count X)</u>

Both negligent and intentional

misrepresentation are torts.  Hawaii "has adopted the

Restatement (Second) of Torts § 552 addressing the tort of negligent misrepresentation." <u>Laeroc</u>, 115 Hawai'i at 228, 166 P.3d at 988 (citing <u>Kohala Agric. v. Deloitte & Touche</u>, 86 Hawai'i 301, 304, 949 P.2d 141, 144 (Haw. Ct. App. 1997)).

   j. <u>Preliminary and Permanent Injunction</u>

   Finally, Plaintiff's request for a preliminary and permanent injunction is not an assumpsit claim. <u>DeMund v. Lum</u>, 5 Haw. App. 336, 345, 690 P.2d 1316, 1323 (1984) ("[T]his action is not in the nature of assumpsit, but is simply for an injunction.").

   In sum, the Court concludes that all of the Counts in the First Amended Complaint, with the exception of part of Count VIII (breach of implied covenant of good faith and fair dealing), sound in tort or otherwise.  Moreover, the monetary damages sought either relate to the tort or statutory claims asserted by Plaintiff.[4]  Having evaluated the substance of the

---

   [4]  Plaintiff alleged that he suffered special and general damages for his breach of implied covenant of good faith and fair dealing claim, the one claim that is in the nature of assumpsit.  However, as earlier

entire pleading (including each claim), the nature of the grievance, and the relief sought, the Court finds that the essential character of the action is not in the nature of assumpsit.  The presumption that the suit is in the nature of assumpsit does not apply because there is no doubt about whether this action sounds in assumpsit.  Accordingly, the Court declines to recommend an award of attorneys' fees in this case.[5]

<u>CONCLUSION</u>

Based on the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that 1) Defendants Thomas Sorensen, The Sorensen Family Living Trust, TPS, LLC, HDC Properties, LLC, and KTS Properties, LLC's

---

discussed, the monetary damages sought are not based on the non-performance of a contractual or quasi-contractual obligation.  <u>Kahala</u>, 113 Hawai'i at 282, 151 P.3d at 763.

[5]  If the Court were to award fees, it would have to "base its award of fees, if practicable, on an apportionment of the fees claimed between assumpsit and non-assumpsit claims."  <u>TSA</u>, 92 Hawai'i at 264, 990 P.2d at 734 (citation omitted); <u>Kona Enters.</u>, 229 F.3d at 885.  An apportionment of fees claimed between the breach of implied covenant of good faith and fair dealing claim and the remaining 12 claims would be impracticable, if not impossible.

Motion for Award of Attorneys' Fees, filed November 24, 2009, be DENIED and 2) Defendants Inspiration International, LLC and Inspiration Hawaii, Inc.'s Motion for Award of Attorneys' Fees, filed November 24, 2009, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, December 10, 2009.



_____
Kevin S.C. Chang
United States Magistrate Judge

SKANNING V. SORENSEN, ET AL.; CIVIL NO. 09-00364 DAE-KSC; REPORT OF SPECIAL MASTER RECOMMENDING THAT DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES (DOC. NOS. 67 AND 69) BE DENIED