IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| PETER SKAANING, ) | CV. NO. 09-00364 DAE-KSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| THOMAS SORENSEN, individually ) | |
| and as trustee for the SORENSEN ) | |
| FAMILY LIVING TRUST; THE ) | |
| SORENSEN FAMILY LIVING ) | |
| TRUST; INSPIRATION HAWAII, ) | |
| INC.; INSPIRATION ) | |
| INTERNATIONAL, LLC; TPS, ) | |
| LLC; HDC PROPERTIES, LLC; and ) | |
| KTS PROPERTIES, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER:  (1) MODIFYING THE REPORT OF THE SPECIAL MASTER RECOMMENDING THAT DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES BE DENIED; (2) DISMISSING PLAINTIFF'S MOTION TO ADOPT REPORT OF SPECIAL MASTER FOR LACK OF JURISDICTION; (3) DISMISSING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES FOR LACK OF JURISDICTION; AND (4) DISMISSING DEFENDANTS' OBJECTIONS TO THE REPORT OF SPECIAL MASTER FOR LACK OF <u>JURISDICTION</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiff's motion, Defendants' motions, Defendants' objections to the Report of Special Master, and the

supporting and opposing memoranda, the Court **DISMISSES** Plaintiff's Motion to Adopt Report of Special Master for lack of jurisdiction (Doc. # 77); **DISMISSES** Defendants' Motions for Attorneys' Fees for lack of jurisdiction (Docs. ## 67, 69); **DISMISSES** Defendants' Objections to the Report of Special Master for lack of jurisdiction (Doc. # 76); and **MODIFIES** the Report of Special Master Recommending that Defendants' Motions for Attorneys' Fees be Denied. (Doc. # 71.) Because this Court did not have subject matter jurisdiction at the outset of this action, the Court lacks jurisdiction to award attorneys' fees.

BACKGROUND

This matter involves various disputes between Plaintiff Peter Skaaning ("Plaintiff") and Defendants Thomas Sorensen, the Sorensen Family Living Trust, Inspiration Hawaii, Inc., Inspiration International, LLC, TPS, LLC, HDC Properties, LLC, and KTS Properties, LLC (collectively, "Defendants").

Count I of the Amended Complaint seeks dissolution of IIL, IHI, and TPS, and requests that sale of the companies' assets be used to pay off debts or expenses and net proceeds distributed to Plaintiff and Defendant Sorensen. (Doc. # 8 at 15-16.) Count II seeks appointment of a receiver pending dissolution of these companies. (Id. at 16.) Counts III through X and XII seek declaratory judgment that various agreements are void and unenforceable, that Plaintiff was

constructively discharged from IHI, and claim breach of fiduciary duty and covenant of good faith, negligence, unfair and deceptive trade practices, misrepresentation, and accounting. (Id. at 18-28.) Count XI seeks preliminary and permanent injunctive relief related to management of IIL, IHI, and TPS. (Id. at 27.)

On November 10, 2009, this Court filed an Order granting Defendants' motion to dismiss for lack of subject matter jurisdiction and denying as moot Plaintiff's motion for leave to file a second amended complaint (the "November 10, 2009 Order"). (Doc. # 65.) In that order, the Court concluded that diversity jurisdiction was defeated because Plaintiff was a member of two named defendant limited liability corporations that were not nominal defendants.

On November 24, 2009, Defendants Thomas Sorensen, the Sorensen Family Living Trusts, TPS, LLC, HDC Properties, LLC, and KTS Properties, LLC (the "Sorensen Defendants") filed a Motion for Award of Attorneys' Fees. (Doc. # 67.) Also on November 24, 2009, Defendants Inspiration International, LLC ("IIL") and Inspiration Hawaii, Inc. ("IHI") filed a Motion for Award of Attorneys' Fees. (Doc. # 69.)

On December 10, 2009, Magistrate Judge Kevin Chang filed a Report of Special Master Recommending that Defendants' Motions for Attorneys' Fees be

Denied (the "Report of Special Master"). (Doc. # 71.) The Report of Special Master concluded that the Court has jurisdiction to award attorneys' fees, but denied Defendants' motions because the claims were not in the nature of assumpsit as required by the applicable state statute, Hawaii Revised Statutes ("HRS") § 607-14.

On December 31, 2009, the Sorensen Defendants filed Objections to the Report of Special Master. (Doc. # 76.) On the same day, IIL and IHI filed a Joinder to the Sorensen Defendants' Objections. (Doc. # 78.)

Also on December 31, 2009, Plaintiff filed a Motion to Adopt Report of Special Master. (Doc. # 77.) On January 14, 2010, Plaintiff filed a Response to Sorensen Defendants' Objections. (Doc. # 81.) On January 15, 2010, Defendants filed an Opposition to Plaintiff's Motion. (Doc. # 82.)

STANDARD OF REVIEW

Parties may file objections to, or motions to adopt or modify, a Special Masters' order, report, or recommendation. Fed. R. Civ. P. 53(f). Pursuant to Local Rule 53.2, such objections or motions must be filed no later than 21 days after a copy is served. Unless the parties agree to stipulate otherwise, the district court reviews all objections to the Special Master's reports, including objections to findings of fact and conclusions of law, de novo. Fed. R. Civ. P. 53(f).

## DISCUSSION

Before this Court may reach whether Defendants are "prevailing parties" under HRS § 607-14 and entitled to attorneys' fees, this Court must determine whether it has jurisdiction to evaluate a request for an award of attorneys' fees at all. Plaintiff contends, <u>inter alia</u>, that this Court lacks jurisdiction to hear a party's motion for fees because the Court lacked jurisdiction at the outset of the case. (Mot. at 11.) Indeed, there has been no adjudication on the merits. This Court's November 10, 2009 Order dismissed the case for lack of diversity jurisdiction.

There appears to be some ambiguity in Ninth Circuit caselaw on this matter, but the Court concludes that prevailing Ninth Circuit precedent requires that this Court decline jurisdiction over Defendants' motions for attorneys' fees. This Court does not dispute that, were it to evaluate a motion for attorneys' fees, Hawai`i state law would apply; the Court does conclude, however, that it has no jurisdiction to engage is such an analysis.

Defendants and the Report of Special Master relied on <u>Kona Enterprises, Inc. v. Estate of Bishop</u>, 229 F.3d 877 (9th Cir. 2000), to determine that this Court has jurisdiction to award attorneys' fees. In <u>Kona Enterprises</u>, the Ninth Circuit panel stated: "Under the law of our circuit, a district court sitting in

diversity may award attorneys' fees to the prevailing party under applicable state law, despite a dismissal of the action for lack of subject matter jurisdiction." Id. at 887.

The underlying diversity action in Kona Enterprises was brought before this Court in 1994, and the Second Amended Complaint filed in 1995 claimed five causes of action: (1) breach of fiduciary duty; (2) breach of the covenant of good faith and fair dealing; (3) interference with corporate opportunity and economic advantage; (4) interference with corporate governance; and (5) constructive trust. 229 F.3d at 880. On December 11, 1995, this Court granted the defendants' motion to dismiss for incomplete diversity. Id. at 882. However, after the Ninth Circuit vacated the judgment and remanded the case to determine whether certain non-diverse parties were necessary and indispensable, the Court permitted these non-diverse parties to be dismissed from the case with prejudice, thus satisfying the diversity requirements. Id. Ultimately, this Court granted the defendants' motion to dismiss based on lack of standing. Id.

When the question of attorneys' fees was appealed, the Kona Enterprises panel determined that Hawai`i state law had changed in the interim, and therefore remanded the matter to this Court to determine whether the plaintiff's claims were in the nature of assumpsit according to HRS § 607-14. Id. at 887. The

panel also concluded that this Court had correctly deemed defendants to be "prevailing parties, because "the district court <u>dismissed plaintiffs' action with prejudice</u> and <u>entered judgment for the defendants</u>." <u>Id.</u> at 887 (emphasis added). The <u>Kona Enterprises</u> panel further observed that under Hawai`i law, a party may be deemed a "prevailing party" even if that party has not prevailed on the merits of the claim.  229 F.3d at 887.

   The <u>Kona Enterprises</u> panel continued on to state that "the fact that plaintiffs' Complaint was dismissed with prejudice for lack of subject matter jurisdiction did not deprive the district court of jurisdiction to award defendants attorneys' fees under Hawai`i law." <u>Id.</u> at 887.  A review of Ninth Circuit case law, however, reveals that <u>Kona Enterprises</u> has not been cited for this particular statement of the law by any published Ninth Circuit case.[1]

   To the contrary, as discussed below, subsequent Ninth Circuit case law explicitly states that a court may not exercise jurisdiction over an award of attorneys' fees when the court does not have jurisdiction over the underlying

---

[1] One unpublished Ninth Circuit opinion, <u>First & Beck v. Bank of Southwest</u>, 267 Fed. Appx. 499 (9th Cir. 2007), did cite to <u>Kona Enterprises</u>.  The court stated: "Dismissal of a complaint for lack of subject matter jurisdiction does not deprive the court of jurisdiction to hear a request for fees under state law." <u>Id.</u> at 502.  No other authority is cited in support of this proposition, however, and the Ninth Circuit panel does not attempt to distinguish precedent to the contrary, as discussed herein.

subject matter. A determination that Hawai`i law bestows "prevailing party" status even without a judgment on the merits does not mean that a federal court has jurisdiction to award fees when the federal court did not have jurisdiction over the action at the outset.

This case is therefore distinguishable from Kona Enterprises, because there diversity was cured and this Court had apparent jurisdiction at the outset to further evaluate the parties' claims. Here, this Court continues to not have jurisdiction.

In the 2007 case Skaff v. Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832 (9th Cir. 2007), the Ninth Circuit explicitly held that a "court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees." Id. at 837. The district court had determined, inter alia, that the plaintiff did not have standing to pursue his claims and therefore the court had no authority to award attorneys' fees. Id. at 836-37. In holding that a court lacking jurisdiction at the outset also lacks jurisdiction to award fees, the Ninth Circuit relied on three prior Ninth Circuit cases: Branson v. Nott, 62 F.3d 287, 292-93 (9th Cir. 1995); Smith v. Brady, 972 F.2d 1095, 1097 (9th Cir. 1992); and Latch v. United States, 842 F.2d 1031, 1033-34 (9th Cir. 1988). Kona Enterprises is not cited. Although the Ninth Circuit disagreed with the district court's conclusion that the plaintiff had no

8

standing, the Ninth Circuit did not disagree with the general legal principle that the absence of jurisdiction deprives a court of the authority to award attorneys' fees. Skaff, 506 F.3d at 837.

      The Skaff decision is in line with numerous earlier Ninth Circuit cases. For example, in Smith v. Brady, the Ninth Circuit stated the rule that if a district court lacks jurisdiction over the underlying suit, the court has no authority to award fees. Id. at 1097. In Branson v. Nott, the Ninth Circuit held that because the district court lacked subject matter jurisdiction, it also "lacked the power to award attorney's fees under the civil rights attorney fee statute." 62 F.3d at 293.

      The Ninth Circuit's holding in In re Knight, 207 F.3d 1115 (9th Cir. 2000), is similarly persuasive by analogy. There, the Ninth Circuit determined that a statute's fee-shifting provision does not itself confer jurisdiction, and therefore when a court lacks subject matter jurisdiction to hear an Employee Retirement Income Security Act ("ERISA") claim, it lacks jurisdiction to apply the statute's fee-shifting provisions. Id. at 1117-18; see also Carter v. Health Net of Cal., Inc., 374 F.3d 830, 834 (9th Cir. 2004) (relying on In re Knight to evaluate whether court had jurisdiction to award fees). Relying on In re Knight, the Ninth Circuit has also determined that in order for a court to award fees under the Equal Access

9

to Justice Act, the court must have jurisdiction over the underlying action. Zambrano v. INS, 282 F.3d 1145, 1149-50 (9th Cir. 2002).

As has been observed by the Southern District of California in an unpublished decision, Kona Enterprises failed to distinguish Latch, Smith, and Branson, despite the fact that Kona Enterprises was decided subsequent to those cases and therefore would have been controlled by their explicit ruling on the subject. See Archer v. Silver State Helicopter, LLC, 2007 WL 4258237, at *2 (Dec. 3, 2007). The Kona Enterprise panel, which was not sitting en banc, did not, and indeed could not, overrule those precedents. See In re Osborne, 76 F.3d 306, 309 (9th Cir. 1996) ("[A] panel of this court may not overrule a decision of a previous panel; only a court en banc has such authority"); Miller v. Gammie, 335 F.3d 889, 892-93 (9th Cir. 2003); In re Watts, 298 F.3d 1077, 1084 (9th Cir. 2002) ("It is a bedrock principle of our court that the published decision of one three-judge panel binds every other panel.").

In an unpublished opinion by Judge Michael Seabright, this Court relied on Skaff and acknowledged that jurisdiction must be present at the outset of the case before a district court may award attorneys' fees. See Kalai v. Haw. Dep't of Human Services, 2009 WL 2224428, at *4 n.4 (D. Haw. Jul. 23, 2009).

This Court concludes that, to the extent that the Kona Enterprises panel's statement on this narrow issue is contrary to prior established precedent as well as subsequent Ninth Circuit case law, Kona Enterprises does not control this Court's determination.

Alternatively, presuming that Kona Enterprises might be controlling on the particular facts at issue in that particular case, the case before this Court today is factually and procedurally distinguishable.  It is important to note that in Kona Enterprises, this Court dismissed all direct claims against the defendants with prejudice.  On appeal, the Ninth Circuit emphasized that this Court dismissed the plaintiff's action with prejudice and entered judgment for the defendants.  No such action was taken by this Court in the current action.  Here, the Court did not dismiss the claims with prejudice, and indeed the claims may be pursued in state court.

The state law cited in the briefing before this Court is inapposite to the question of whether this Court has jurisdiction to award fees.  For instance, in MFD Partners v. Murphy, the Intermediate Court of Appeals held that a plaintiff may be considered a prevailing party when a jury finds for the plaintiff as to liability, regardless of the fact that the jury awarded only nominal damages.  9

Haw. App. 509, 514 (1992). This is not relevant as there was no jury trial in this case.

Because no judgment was rendered in favor of Defendants in this case, the Intermediate Court of Appeals' statement that a "party in whose favor judgment is rendered by the district court is the prevailing party in that court" merely demonstrates that no party is the prevailing party here. Id. The judgment entered in this case states only that a decision has been rendered – that this Court lacks subject matter jurisdiction over the case. At no time did this Court deem Defendants to be the prevailing parties.

Likewise impertinent are the state cases cited for the proposition that the judgment in favor of a prevailing party need not be a ruling on the merits. In Ranger Ins. Co. v. Hinshaw, the Supreme Court of Hawai`i stated that "there is no requirement that the judgment in favor of the prevailing party be a ruling on the merits of the claim." 103 Hawai`i 26, 31 (2003) (quoting Wong v. Takeuchi, 88 Hawai`i 46, 49 (1998)). The context within which that statement was made is critical. There, the Supreme Court of Hawai`i was referring to a case wherein the plaintiff's action was dismissed by summary judgment on the grounds of laches and statute of limitations. Id. The defendant succeeded in obtaining a judgment of dismissal on these grounds and was therefore a prevailing party. Whether the court

had jurisdiction over the action at the outset was <u>not</u> at issue.  And there, unlike here, a final judgment was entered in favor of the defendant.

It is true that in <u>Wong v. Takeuchi</u>, the Supreme Court of Hawai`i found that the defendant was the prevailing party in the circuit court because judgment was entered in the defendant's favor in part because the statute of limitations had run.  88 Hawai`i 46, 49 (1998).  <u>Wong</u> is distinguishable, however, because judgment was entered in favor of defendants in that case.

Accordingly, whether a party may be a "prevailing party" for purposes of fees under HRS § 607-14 does not resolve whether this Court has jurisdiction to evaluate prevailing party status in this particular case.  The Court concludes that it does not have jurisdiction and therefore cannot reach whether Defendants are "prevailing parties" for purposes of HRS § 607-14.

Finally, in this instance there is no applicable statute which confers on this Court jurisdiction to grant attorneys' fees absent subject matter jurisdiction.  "As a general rule, if a district court has wrongfully exercised subject matter jurisdiction over a dispute, the appellate court must vacate the district court's decision, including any award of attorney's fees.  An exception to this rule exists where the statute under which a party seeks attorney's fees contains an independent grant of jurisdiction."  <u>Latch v. United States</u>, 842 F.2d 1031, 1033 (9th Cir. 1988);

see Branson, 62 F.3d at 293 & n.10 (finding that section 1988 did not itself confer jurisdiction to award attorneys' fees).  Nor is this court seeking to award fees as a sanction under Rule 11.  See In re Knight, 207 F.3d at 1117 n.2.

"Ordinarily, the appropriate disposition of a motion for attorneys' fees when the court lacked jurisdiction from the outset of an action is not denial of the motion . . . but dismissal of the motion for lack of jurisdiction."  Skaff, 506 F.3d at 837 n2.

Accordingly, the Report of Special Master is MODIFIED to dismiss Defendants' motions for attorneys' fees based on lack of jurisdiction rather than on a ruling on the merits.  Defendants' motions for attorneys' fees and objections to the Report of Special Master are DISMISSED for lack of jurisdiction.  Plaintiff's motion to adopt the Report of Special Master is likewise DISMISSED for lack of jurisdiction.

## CONCLUSION

For the reasons stated above, the Court:  (1) MODIFIES the Report of Special Master to dismiss Defendants' motions for attorneys' fees based on a lack of jurisdiction; (2) DISMISSES  Defendants' motions for attorneys' fees for lack of jurisdiction; (3) DISMISSES Defendants' Objections to Report of Special

Master for lack of jurisdiction; and (4) DISMISSES Plaintiff's motion to adopt the

Report of Special Master for lack of jurisdiction.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawai`i, January 19, 2010.



                              David Alan Ezra
                              United States District Judge

Skaaning v. Sorensen et al., CV No. 09-00364 DAE-KSC; ORDER: (1) MODIFYING THE REPORT OF THE SPECIAL MASTER RECOMMENDING THAT DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES BE DENIED; (2) DISMISSING PLAINTIFF'S MOTION TO ADOPT REPORT OF SPECIAL MASTER FOR LACK OF JURISDICTION; (3) DISMISSING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES FOR LACK OF JURISDICTION; AND (4) DISMISSING DEFENDANTS' OBJECTIONS TO THE REPORT OF SPECIAL MASTER FOR LACK OF JURISDICTION